**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | No. CR 05-272-PHX-JAT |
| Plaintiff, | )<br>) | (Dft. 8) |
| vs. | )<br>) | |
| | ) | **ORDER DENYING** |
| Reese Roy Hartnett (8), | )<br>) | **SEVERANCE** |
| Defendant. | )<br>) | |
| | ) | |

Before the Court is Defendant Hartnett's motion to sever. (Dkt. 459.)   The Government has filed a response in opposition (Dkt. 484) and Defendant has filed a reply (Dkt. 496).  For the reasons set forth below, the motion is without merit and will be denied.[1]

**BACKGROUND**

On   January 3, 2006, the Government filed a second superceding indictment ("Indictment") charging Hartnett ("Defendant") and seven co-defendants with a total of eleven counts, including conspiracy to posses with the intent to distribute methamphetamine. (Dkt. 152.) The Indictment also charges Defendant and several co-defendants, including Jose Rios Rico and Sabrina Creeger, with possession or use of a firearm during a drug-trafficking crime.[2] (*Id.*) In addition, Defendant and Creeger are charged with a count of accessory after

---

[1]      The motion is also untimely, having been filed after the November 24, 2006, deadline set by the Court.  (Dkt. 367.)

[2]      Defendant is charged with four counts: conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii) and 18 U.S.C. § 2 (Count 1); possession with intent to distribute methamphetamine, in

the fact to murder.[3]   (*Id.*)   Three co-defendants, including Rios Rico and Creeger, are charged with killing a person while engaged in an offense punishable under 21 U.S.C. § 841(b)(1)(A).  (*Id.*)  With respect to Rios Rico, the Government has filed a notice of intent to seek the death penalty (Dkt. 255). According to Defendant, "All but two codefendants have pled or are pleading guilty" (Dkt. 459 at 2), leaving Defendant, Rios Rico, and Creeger to be tried together.

Defendant argues that severance is required because trial before a death-qualified jury would violate his Sixth Amendment rights and because he would be prejudiced by the disparity in the amount and type of evidence that will be presented against co-defendants Rios Rico and Creeger.

## DISCUSSION

**Legal standard**

Rule 8 of the Federal Rules of Criminal Procedure allows joinder of offenses or parties in the same indictment when they are part of "the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed.R.Crim.P. 8(b).

Rule 14 permits a court to sever the defendants' trials or provide any other relief that justice requires if the joinder of defendants in an indictment appears to prejudice a defendant. *Zafiro v. United States*,  506 U.S. 534, 538 (1993).  Severance should be granted, however, "only if there is a serious risk that a joint trial would compromise a specific trial right of one

_____

violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) and 18 U.S.C. § 2 (Count 3); possession or use of a firearm in the commission of a drug offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2 (Count 7); and accessory after the fact to murder, in violation of 18 U.S.C. §§ 3, 924(c) and (j)(1), 1111, and 2 (Count 10). (Dkt. 152.)  Rios Rico and Creeger are also charged with Counts 1 and 7; Creeger is charged in Count 10.

[3]    The Government alleges that on February 26, 2003, Rios Rico and Creeger arranged a drug transaction with the victim, Angela Pinkerton, after which they traveled to Ms. Pinkerton's apartment where Rios Rico shot her to death; according to the Government, Ms. Pinkerton's body was then stuffed into a trunk, which Hartnett, in exchange for an amount of methamphetamine, helped to remove from the apartment and dispose of in a dumpster.  (*See* Dkt. 485 at 1-5.)

of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539.  Defendants "are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540.  Instead, "[t]o warrant severance, a defendant must demonstrate clear, manifest, or undue prejudice resulting from joinder." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988).

Federal courts have consistently expressed a preference for joint trials of defendants who have been indicted together.  In *Richardson v. March*, 481 U.S. 200, 210 (1987), the Supreme Court explained that joint trials, among other benefits, "generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit.  Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."    The Ninth Circuit has repeatedly emphasized that Rule 8(b) is to be liberally construed in favor of joinder of defendants. *See United States v. Sarkisian*, 197 F.3d 966, 975 (9th Cir. 1999); *United States v. Baker*, 10 F.3d 1374, 1387 (9th Cir. 1993) (as amended).  Therefore, the general rule is that "defendants jointly charged are to be jointly tried." *United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir. 1990); *see United States v. Polizzi*, 801 F.2d 1543, 1553 (9th Cir. 1986); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).

The Court now applies these principles to the arguments advanced in Defendant's motion.

**Death qualification of jury**

Defendant contends that "[e]xcluding potential jurors who could never impose the death penalty deprives Mr. Hartnett of his constitutional right to trial before a jury composed of a fair cross section of the community."  (Dkt. 459 at 6.)  Defendant is incorrect.  In *Buchanan v. Kentucky*, 483 U.S. 402, 416 (1987), the United States Supreme Court rejected the fair-cross-section argument and held that the death-qualification of a jury does not violate the rights of a non-capital defendant jointly tried with a capital defendant. *See Furman v. Wood*, 190 F.3d 1002, 1005 (9th Cir. 1999).

**Disparity of evidence**

Defendant contends that he will be prejudiced by the presentation of evidence against co-defendants Rios Rico and Creeger relating to the actual murder of Ms. Pinkerton when he is charged only as an accessory after the fact.  (Dkt. 459 at 6-7.)  He also argues that he will be prejudiced by the emotional testimony of Ms. Pinkerton's family members, which will cause jurors to "paint him with the same brush" as his co-defendants.  (*Id.* at 7.)

The Government counters that due to the nature of the charges, the evidence Defendant objects to would be presented in a separate trial if his case was severed and therefore he is not prejudiced by a joint trial.  (Dkt. 485 at 13.)  The Court agrees.

Courts have consistently noted that, "a joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004); *see United States v. Cruz*, 127 F.3d 791, 798-99 (9th Cir.1997), *overruled on other grounds by United States v. Jimenez Recio*, 537 U.S. 270 (2003); *Baker*, 10 F.3d at 1389.

Courts have further explained that denial of a severance motion is erroneous only when the jury cannot "reasonably be expected to compartmentalize the evidence as it relates to separate defendants."  *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983); *see United States v. Matta-Ballasteros*, 71 F.3d 754, 771 (9th Cir. 1995); *Escalante*, 637 F.2d at 1201.  Therefore, for instance, if the evidence is specific to the offenses charged, the jury is unlikely to be confused, and "[t]he mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *Matta-Ballasteros*, 71 F.3d at 754 (quoting *Polizzi*, 801 F.2d at 1554).  Even if some of the evidence admitted in a joint trial would not have been admissible in a separate trial against a single defendant, severance is not required where there is a "substantial overlap in the evidence" against co-defendants. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994); *see United States v. Felix-Gutierrez*, 940 F.2d 1200, 1208-09 (9th Cir. 1994)

(defendant charged as accessory after the fact in connection with murder of DEA agent was not entitled to severance where charges against defendant and codefendants occurred during brief time span, involved many of the same participants, and were connected by overlapping proof).  Nor is severance is not required simply because there is a disparity in the quality and quantity of evidence presented against the defendants.  *See United States v. Douglass*, 780 F.2d 1472, 1479 (9th Cir. 1986) (affirming district court's refusal to sever trials of defendants charged with offenses relating to a two-day marijuana conspiracy from the trial of defendants charged with the additional offense of operating a continuing criminal enterprise).

In addition, courts have reiterated that in most circumstances the effect of prejudicial evidence relating to a co-defendant can be addressed by "a clear and understandable instruction that [the jury] was to consider each defendant and each charge separately." *Matta-Ballasteros*, 71 F.3d at 754; *see Hernandez*, 952 F.2d at 1116 ("the prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge"); *United States v. Joetzki*, 952 F.2d at 1094 ("defendant seeking severance based on the 'spillover effect' of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge").  As the court explained in *Baker*, "We have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." 10 F.3d at 1243.

To support his contention that these principles do not apply to his case, Defendant contends that "the conspiracy alleged is that of drug dealing on the part of the other codefendants" and that "it is apparent that the drug transaction between Mr. Hartnett and codefendants . . . was for purposes of paying Mr. Hartnett for his assistance, not for purposes of distributing methamphetamine to others."  (Dkt. 496 at 2.)  The Court disagrees. Defendant and co-defendants Rios Rico and Creeger are charged in Count 1 of the Indictment with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine; the date of the alleged conspiracy is July 2002 through March 12, 2003.

(Dkt. 152.)  Therefore, contrary to Defendant's assertion, his alleged participation in the conspiracy does not consist of a single transaction by which he obtained half a pound of methamphetamine in exchange for disposing of the murder victim's body.  Defendant likewise complains that there is "no evidence that Mr. Hartnett entered into any agreement for purposes of distributing methamphetamine."  (Dkt. 496 at 2.)  However, as Defendant acknowledges, the Government has indicated that there is "independent evidence" of Defendant's involvement in the conspiracy, including the testimony of witnesses and Defendant's own admissions.  (Dkt. 485 at 12.)

As the Court has previously explained, the Indictment adequately alleges the elements of Count 1.  (*See* Dkt. 457.)  Evidence establishing the elements of the alleged conspiracy would likely be admissible in a separate trial against any of the defendants.  Therefore, as the above-cited authority indicates, Defendant has not shown that joinder with his co-defendants at trial would be so "manifestly prejudicial" that it outweighs the concern for judicial economy and the other policies favoring joinder.  *Douglass*, 780 F.2d at 1478.

Based upon the foregoing, the Court finds that the Defendant has failed to meet his burden of showing that severance is necessary to protect a "specific trial right," *Zafiro*, 506 U.S. at 539, or demonstrating "clear, manifest, or undue prejudice resulting from joinder." *Adler*, 879 F.2d at 497.

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's motion to sever (Dkt. 459).

DATED this 3rd day of May, 2007.

James A. Teilborg
United States District Judge

- 6 -